ORLANDO PIPER *et al.*

*v.*

NORA BELLE ANDRICKS *et al.*

*Opinion filed April 20, 1904—Rehearing petition stricken June 9, 1904.*

1. WILLS—*verdict in a will case must stand, on appeal, unless clearly against the evidence.* A verdict in a will case, approved by the trial court, who saw the witnesses and heard them testify, will stand, on appeal, unless clearly against the weight of evidence.

2. SAME—*evidence of friendly relations admissible on contest of a will.* On contest of a will for mental incapacity or undue influence, evidence of the friendly relations between the testator and a daughter whom he practically disinherited, and of the care bestowed by her upon him, is properly admitted for consideration in connection with the intrinsic evidence of the will itself.

APPEAL from the Circuit Court of Christian county; the Hon. W. M. FARMER, Judge, presiding.

This is an appeal by Orlando Piper, Charles Piper, Ella Bridge and Caroline Messenger from a decree of the circuit court of Christian county setting aside the probate of the last will and testament of Z. R. Piper, deceased. The testator died possessed of personal and real estate of the value of about $20,000. He gave substantially all of his estate to the four appellants, although he left surviving him four other sons and daughters and a number of grandchildren, the children of deceased children. The testator had resided with a daughter, Mrs. Reber, for a number of years, to whom he bequeathed $200. About five months prior to his death he left her home and went to reside with Mrs. Messenger, where he lived at the time the will was executed and when he died. At the time the will was executed he was eighty-three years of age, in a very weak condition physically and mentally, and was constantly surrounded by those of his children who profited by the will. The scrivener who prepared the will was brought to the house of Messenger by Orlando Piper, who was present when the data from which the will was drawn were obtained and who was active in procuring the execution of the will.

J. C. & W. B. McBRIDE, and PROVINE & PROVINE, for appellants.

JOHN E. HOGAN, GEORGE B. RHOADS, M. J. FITZGERALD, and GEORGE T. WALLACE, for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

It is contended the verdict is not supported by the evidence. A large number of witnesses were called who testified they were of the opinion the testator had testamentary capacity, while an equal or greater number testified in their opinion he had not. The jury heard these witnesses testify, and it was pre-eminently within their

power to determine which were the more worthy of belief. The trial judge also saw and heard the witnesses and approved of the verdict of the jury. In that state of a record this court will not disturb the verdict unless it is manifestly against the weight of the evidence; which is not the case here. *Bradley* v. *Palmer*, 193 Ill. 15.

It is also contended the court erred in permitting the appellees to prove the friendly relation which existed between Mrs. Reber and the testator and the care and attention which had been bestowed upon him by her. Where a will is sought to be impeached for mental incapacity of the testator or undue influence practiced upon him by the devisee, the intrinsic evidence of the will itself, arising from the unreasonableness or injustice of its provisions, taking into view the state of a testator's property, family, and the claims of particular individuals upon his bounty, is competent and proper for the consideration of the jury. (*McCommon* v. *McCommon*, 151 Ill. 428.) We are of the opinion the evidence was properly admitted.

It is further contended the court erred in permitting appellees to put in evidence a receipt from Mrs. Reber to the testator of all claims which she might have against him or his estate for care and support. The receipt might properly have been rejected. The admission thereof, however, was not prejudicial error.

The contention is also made that the jury were misdirected as to the law upon behalf of the complainants, and that proper instructions offered on behalf of the defendants were refused. The issues involved were not complex, and the jury were correctly instructed as to the law applicable to the case.

Finding no reversible error in this record the decree of the circuit court will be affirmed.

*Decree affirmed.*